UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JONATHAN JAMES THOMAS,          CIVIL ACTION NO. 6:12-cv-01845
ET AL.

VERSUS                          JUDGE HAIK

CHIEF NEAL LARTIGUE, ET AL.     MAGISTRATE JUDGE HANNA


<u>**RULE 7(a) HEIGHTENED PLEADING REVIEW**</u>

In this civil rights lawsuit, brought under 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, the plaintiff, Jonathan James Thomas, acting in his individual capacity and on behalf of others, has sued three defendants:  Neal Lartigue, the police chief of the Town of Ville Platte; Forest Robinson, a police officer of the Town of Ville Platte; and the City of Ville Platte.[1]  Chief Lartigue was sued only in his official capacity while Officer Robinson was sued in both his official capacity and in his individual capacity.  In their answer, the defendants pleaded qualified immunity.  The undersigned has, therefore, conducted an evaluation of the plaintiffs' complaint to determine whether it meets the applicable heightened pleading requirement.[2]

---

[1]      The complaint uses both "Town of Ville Platte" and "City of Ville Platte," as indicated.

[2]      See *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996).

Because the claims asserted against Chief Lartigue are expressly in his official capacity and not in his individual capacity, he is not entitled to a qualified immunity defense,[3] and this review applies only to the claims asserted against Officer Robinson, as no heightened standard is allowed for actions against individual defendants in their official capacities.[4]

After review, the undersigned concludes that the plaintiff has supported his claims against Officer Robinson "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts."[5]  He alleges that, on the evening of July 7, 2011, police officers including Officer Robinson were investigating an incident at the residence across the street from the plaintiff's home.  Plaintiff Jonathan Thomas was allegedly playing dominoes with friends in his front yard when the police officers arrived.  Allegedly observing violent and unnecessarily forceful conduct by the police officers, Thomas arose to his feet and began filming the officers with his cell phone.  After Officer Robinson ordered Thomas to stop filming or photographing the police, Thomas went

---

[3]     *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009); *Stidham v. Texas Com'n on Private Sec.*, 418 F.3d 486, 490 (5th Cir. 2005); *Jackson v. Galan*, 868 F.2d 165, 168 (5th Cir. 1989).

[4]     *Baker v. Putnal*, 75 F.3d at 195.

[5]     *Schultea v. Wood*, 47 F.3d at 1434.

inside his house.  Officer Robinson and the other police officers then allegedly kicked in his front door, knocked Thomas to the ground, placed a knee at the location of Thomas's recent lumbar spine surgery, and took away his cell phone.  Thomas was then allegedly arrested.  After he bonded out of jail, the police returned Thomas's cell phone, after allegedly having erased the pictures taken on the day of the incident. Thomas alleges that his Fourth and Fourteenth Amendment rights were violated because of the allegedly unreasonable search, seizure, and use of excessive force by the police officers.

Although the court may later determine the facts in favor of the defendants, the sole issue presented here is whether the plaintiff has satisfied the heightened pleading requirement of *Shultea v. Wood*.   The undersigned concludes that he has. Accordingly, the undersigned concludes that there is no need for an order banning or limiting discovery with regard to the plaintiff's claims against the defendants, and the case should proceed in accordance with the existing Scheduling Order (Rec. Doc. 20).

Signed in Lafayette, Louisiana, this 5th day of April 2013.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE